## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SCOTTY RAY STEEN,<br><br>Defendant/Movant. | **Cause No. CR 21-73-GF-BMM**<br>**CV 24-14-GF-BMM**<br><br><br>**ORDER DENYING § 2255**<br>**MOTION AND DENYING**<br>**CERTIFICATE OF**<br>**APPEALABILITY** |

This case comes before the Court on Defendant/Movant Scotty Ray Steen's ("Steen") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 and brief in support. (Docs 126 & 128.) Steen is a federal prisoner proceeding pro se and is presently incarcerated at Yankton Federal Prison Camp in Yankton, South Dakota.

## I.      Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98

1

F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Procedural Background

A federal grand jury indicted Steen three counts on October 7, 2021: (1) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1); (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 § U.S.C. 924( c)(1)(A)(i); and (3) Prohibited Person in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (*See* Indictment, Doc. 2 at 1-2.) Steen was arraigned on November 3, 2021, and entered not guilty pleas. (Doc. 6.) Steen was initially represented by Federal Public Defender Hank Branom. (Doc. 9.) Steen was released from pretrial custody on conditions on November 8, 2021, following a detention hearing before Magistrate Judge DeSoto. (Docs. 16 &17.)

The Government filed a motion to revoke Steen's pretrial release on January 7, 2022. (Doc. 22.) The Court granted the Government's motion to revoke on January 10, 2022, and Steen was arrested. (Doc. 23.) Mr. Branom subsequently

filed a motion to withdraw from representation due to a breakdown in communication. (Doc. 28.) The Court granted Mr. Branom's motion to withdraw following a hearing on February 10, 2022. (Doc. 30.)

CJA Panel Attorney Samir Aarab was appointed to represent Steen. (Doc. 31.) Mr. Aarab sought and was granted an ends of justice continuance of Steen's trial and all associated trial deadlines. (Doc. 36.) Mr. Aarab filed a motion to withdraw as Steen's counsel on April 5, 2022, as a result of a breakdown in the attorney/client relationship. (Doc. 37.) Following a hearing on April 7, 2022, Mr. Aarab's motion was granted. (Doc. 39.) CJA Panel Attorney Peter Landsiedel was then appointed to represent Steen. (Doc. 40.)

The Court granted Steen's motion to continue his trial and associated deadlines on May 3, 2022. (Doc. 45.) Mr. Landsiedel then filed a motion to suppress all evidence obtained by law enforcement during a search of Steen's house and brief in support on Steen's behalf. (Docs. 46 & 47.) The Court held a hearing on Steen's motion to suppress and heard argument from counsel on June 27, 2022. (Doc. 56.) Following the hearing, Landsiedel filed a supplemental brief. (Doc. 57.) The August 9, 2022, jury trial was subsequently continued in order to allow Steen to undergo a mental health evaluation. (Doc. 64.) Steen's motion to suppress was ultimately denied. (Doc. 65.)

Mr. Landsiedel filed a motion and brief in support to compel the

Government to provide additional discovery on August 23, 2022. (Docs. 72 & 74.) The federal grand jury handed down a Superseding Indictment on August 24, 2022. (Doc. 76.) The Superseding Indictment charged Steen with four counts: (1) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1); (2) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1); (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 § U.S.C. 924( c)(1)(A)(i); and (4) Prohibited Person in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (*Id*. at 1-2.)

Steen was arraigned on the Superseding Indictment on August 31, 2022. (Doc. 81.) During the hearing the Court was informed Steen had accepted a plea agreement. (*Id.*) The Court also determined that it would appoint new counsel to represent Steen following the change of plea hearing. (*Id*.)

The Court conducted a change of plea hearing on September 13, 2021. (Doc. 86.) Steen pled guilty to Count 2 in the Superseding Indictment and explained why he was guilty. The Court accepted Steen's guilty plea, finding that Steen was competent to enter his plea, and had entered his guilty plea knowingly and voluntarily. (*Id*.) The Court set sentencing for February 2, 2023. (Doc. 87.)

CJA Panel Attorney Shandor Badaruddin was appointed to represent Steen on September 19, 2022. (Doc. 89.) Steen, through counsel, subsequently filed a

motion for a *Faretta* hearing and a demand to proceed pro se. (Docs. 90 & 91.) The Court conducted a *Faretta* hearing on October 11, 2022. (Doc. 97.) Mr. Badaruddin was removed as counsel and Steen was allowed to represent himself at his sentencing hearing. (Doc. 98.)

The matter proceeded to sentencing without further issue. The Court sentenced Steen on Count 2 for a period of 60 months, followed by a 4-year term of supervised release on March 2, 2023. (*See* Judg. Doc. 122.) Steen did not file a direct appeal. Steen instead timely filed the instant Section 2255 motion on January 24, 2024. (Doc. 126 at 11); *see also* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

The Court has considered all of Steen's challenges to the validity of his conviction and sentence. For the reasons explained below, Steen's § 2255 motion will be denied.

#### A. Legal Standard

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States [. . .] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must

allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

   **B. Steen's Claims**

   In his motion, Steen claims counsel provided ineffective assistance for the following reasons: failing to move to quash or dismiss the indictment (Doc. 126 at 4); failing to bring forth evidence in support of motion to suppress, (*id*. at 5); failing to perform an adequate pretrial investigation, (*id*. at 6); and failing to file a motion to produce exculpatory evidence under *Brady v. Maryland*. (*Id*. at 7.)

   In a brief in support of his motion, Steen explains that none of his appointed counsel obtained the grand jury transcripts which he believes would have shown that the information presented to the grand jury was false and did not match the actual evidence. (Doc. 128 at 1.) Steen argues that his Indictment initially stated that he possessed more than 300 grams of methamphetamine and more that 30 grams of heroin. (*Id*.) Those numbers than changed to 113 grams of methamphetamine and 4.6 grams of heroin. In either event, Steen asserts that he

6

never possessed the amount of methamphetamine alleged or any amount of heroin.
Steen argues that this false information should have been grounds to dismiss the
Indictment. (*Id*.)

Steen then argues that his counsel erred by not seeking "a full *Franks*
hearing." (*Id*. at 3.) Steen contends multiple pieces of evidence would have shown
that the search warrants had been obtained illegally. Apparently, Steen takes issue
with the warrants being signed electronically, and believes his counsel should have
mounted a challenge to this procedure. (*Id*. at 3-4.) Steen posits that had any of his
counsel hired a defense investigator, all of the evidence would have been examined
to support his belief that the grand jury had been presented with inaccurate
information. (*Id*. at 4.) Steen believes it is possible that the government also knew
of the discrepancies within the search warrant documents and failed to disclose this
*Brady* information. (*Id*.)

### C. Factual Background

In February and March of 2021, the Russell Country Drug Task Force began
developing information related to a suspected drug trafficking organization
operating in the Great Falls, Montana, area. Steen was determined to likely be a
part of the organization. Law enforcement conducted a search of Steen's residence
on May 4, 2021, in which they located approximately 101.3 grams of
methamphetamine, a loaded handgun in a safe, approximately 4 grams of heroin,

$8,400 in cash, 121 silver coins and bars, in addition to drug paraphernalia. The Bureau of Alcohol, Tobacco, Firearms and Explosives examined the firearm seized from Steen's safe on June 2, 2021, and identified it as a Smith & Wesson .45 caliber semi-automatic pistol, manufactured in Connecticut, which had traveled in interstate commerce.

Law enforcement arrested Steen on November 2, 2021. At the time of his arrest, officers conducted a pat down search and recovered two containers of methamphetamine. The first container held three individual plastic baggies of methamphetamine, while the second container held a single shard of methamphetamine. A DEA Laboratory analyzed the drugs and determined the total weight of the methamphetamine to be 92.881 grams. The amount of heroin was nominal, and Steen was not charged with heroin possession. *See e.g.,* (PSR, Doc. 124 at 6, ¶¶ 14-18.)

As discussed above, a Superseding Indictment was filed. The initial Indictment involved the methamphetamine recovered from Steen's residence during the May 2021 search and charged Steen with a 10-year mandatory minimum sentence for possession with intent to distribute 50 grams or more of methamphetamine. (Doc. 2 at 1-2.) The Superseding Indictment added a second charge of possession with intent to distribute involving the smaller amount of methamphetamine recovered from Steen's person during his arrest on November

21, 2021. (Doc. 77 at 2-3.) Count II of the Superseding Indictment charged Steen with possessing with intent to distribute 5 or more grams of methamphetamine and carried a 5-year mandatory minimum sentence. (*Id*. at 1.) In the plea agreement, Steen admitted to possessing five or more grams of actual methamphetamine with the intent to distribute it to another person. (Doc. 80 at 4-5.) In exchange, the Government agreed to dismiss counts 1, 3, and 4 of the Superseding Indictment. (*Id*. at 3.)

### D. Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

A petitioner fails to state a claim for ineffective assistance by failing to allege facts sufficient to meet either the "performance" or "prejudice" standard, and the district court summarily may dismiss his claim. Stated differently, "[t]o be

9

entitled to habeas relief due to the ineffectiveness of defense counsel, petitioner must establish both that counsel's performance was deficient and that the deficiencies prejudiced the defense." *Medina v. Barnes*, 71 F.3d 636, 368 (9th Cir. 1995) (*quoting Strickland*, 466 U.S. at 687, 689). A court evaluates "counsel's performance from [their] perspective at the time of that performance, considered *in light of all the circumstances*, and we indulge a strong presumption that counsel's conduct fell within the 'wide range of reasonable professional assistance.'" *Medina*, 71 F.3d at 368 (emphasis added).

As a preliminary matter, the Court is unsure what Steen is referencing when he states that his indictments contained different drug amounts. No varying drug amounts are reflected in the indictments. The Superseding Indictment simply added a second possession with intent to distribute charge.

Before his change of plea hearing, Steen was represented by three separate competent counsel. Each counsel apparently independently determined no legitimate basis existed to dismiss the Indictment. Moreover, aside from Steen's own conclusory assertions, nothing in the record supports his claim that the grand jury had been supplied with false information. Steen's counsel did not perform deficiently for failing to assert a futile argument. *See Rupe v. Wood*, 93 F. 3d 1434, 1445 (9th Cir. 1996)("[T]he failure to take futile action can never be deficient performance"); *James v. Borg*, 24 F. 3d 20, 26 (9th Cir. 1994)(a petition must

10

allege facts, not conclusory allegations, to warrant habeas relief).

Moreover, Steen's dispute with purported drug amounts at this late date, fails to raise a colorable claim that counsel performed deficiently. Steen stipulated to the drug quantity in his plea agreement. Mr. Landsiedel would have breached the plea agreement had he challenged the drug quantity. This breach could have exposed Steen to a much longer sentence, specifically a 10-year mandatory minimum sentence. "[T]he representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blakledge v. Allison*, 431 U.S. 63, 73-74 (1977). Similarly, sworn statements made during the plea colloquy "carry a strong presumption of truth." *Muth v. Fondren*, 676 F. 3d 815, 821 (9th Cir. 2012).

By his plea agreement, Steen admitted that he had possessed five or more grams of methamphetamine to distribute to another person. (Doc. 80 at 4.) Steen again admitted guilt to this offense in open court during his change of plea hearing. *See* Min. Entry (Doc. 86.) Steen's attempt now to contradict the factual basis of a valid plea fails. *See United States v. Matthews*, 833 F. 2d 161, 165 (9th Cir. 1987) ("Matthews seeks to avoid his sentence on the ground that an allegation in the indictment…is contradicted by the evidence. By pleading guilty to the indictment, however, Matthews conclusively admitted the allegation.") Steen has failed to

show both that counsel performed deficiently in failing to challenge discrepancies in drug amounts or that he suffered prejudice.

Landsiedel did file a motion to suppress on Steen's behalf, which was denied following a hearing. Steen believes Landsiedel performed deficiently because he did not request a "full *Franks* hearing." *See* (Doc. 128 at 3.) A hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), is necessary if "the defendant makes a substantial showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56.

Following the suppression hearing, Steen's counsel did file a motion requesting an order from the Court compelling the Government to provide all evidence and information surrounding alleged discrepancies in obtaining the search warrants in his criminal case, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 74.) The Government responded and attached various exhibits, which purportedly demonstrated that no material discrepancies existed in the warrants issued by Montana's Eighth Judicial District Court. *See* (Docs. 79, 79-1, 79-2, 79-3, 79-4.) This matter never proceeded to a hearing, and the motion was never ruled upon, however, because in the interim, Steen entered into a plea agreement. Steen's claim that counsel erred in failing to file a *Brady* motion wholly lacks

12

merit.

Steen's claim relative to a *Franks* hearing also proves deficient. Steen fails to point to anything, aside from his own suspicions, that the search warrants contained falsehoods, that the falsehoods were intentionally reckless, or that the remaining allegations were insufficient to support a search warrant. *See e.g., Franks*, 438 U.S. at 155-56. "It is well-settled that 'conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Jones v. Gomez*, 66 F. 3d 1999, 204 (9th Cir. 1995) (citations omitted). Steen's unsubstantiated allegations regarding the validity of the search warrants failed to show that a *Franks* hearing was warranted.

Even if the Court were to presume there was validity to Steen's claim regarding the necessity for a *Franks* hearing, he does not identify with any specificity what this hearing would have revealed. At most he expresses a personal disagreement with the Montana state authorities using digital signatures on warrant applications and purported discrepancies in the time stamps. *See e.g*., (Doc. 128 at 3.) Aside from this claim, Steen only presents his own speculation and conclusions that evidence may exist which could show the warrants had been obtained unlawfully. Vague and conclusory allegations, devoid of supporting facts, do not support habeas relief. *See Shah*, 878 F. 2d at 1161; *United States v. Quan*, 789 F. 2d 711, 715 (9th Cir. 1986). Steen's claim that counsel provided ineffective

13

assistance relative to a *Franks* hearing finds no support in the record before the Court. Steen cannot overcome the "strong presumption" that counsel acted reasonably. *Medina*, 71 F.3d at 368 (*quoting Strickland*, 466 U.S. at 698). Steen's § 2255 motion necessarily fails.

## IV.    Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes that Steen is not entitled to a certificate of appealability. No reasonable jurist would find debatable Steen's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

Accordingly, **IT IS ORDERED**:

1. Steen's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 126) is **DENIED**.

2. A certificate of appealability is **DENIED**. The clerk shall immediately process the appeal if Steen files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 24-14-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Steen.

**DATED** this 8th day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court